**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60647-CIV-ALTONAGA**

**ERICK JOHAN PONCE FLORES**,

     Petitioner,

v.

**BROWARD TRANSITIONAL**
**CENTER, MIAMI FIELD OFFICE**,

     Respondent.

_____/

**<u>ORDER</u>**

     **THIS CAUSE** comes before the Court on *pro se* Petitioner, Erick Johan Ponce Flores's

Petition for Writ of Habeas Corpus [ECF No. 1], docketed on March 5, 2026.  Petitioner challenges

the lawfulness of his detention in the custody of Immigration and Customs Enforcement ("ICE").

(*See generally* Pet.).  The Petition shows Petitioner's hand-written name and is purportedly signed

by Petitioner's mother.  (*See id.* 3).  For the following reasons, the Petition is dismissed.

     ***Penalty of Perjury***.  The Petition is deficient because it was not signed under penalty of

perjury, as required by statute and rule.  Federal law requires that a habeas petition be "signed *and*

*verified* by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C.

§ 2242 (emphasis added); *see also* R. Governing § 2254 Cases 2(c)(5) (requiring that petitions "be

signed under penalty of perjury by the petitioner or by a person authorized to sign it for the

petitioner under 28 U.S.C. [section] 2242" (alteration added)).[1]  Consistent with these

requirements, Local Rule 88.2 provides that habeas petitions filed under 28 U.S.C. § 2241 must

_____

[1] *See also* R. Governing § 2254 Cases 1(b) ("The district court may apply [the Rules Governing Section 2254 Cases] to a [section 2241] habeas corpus petition[.]" (alterations added)).

"be signed under penalty of perjury by [the] petitioner" or "by a person authorized to sign it" on the petitioner's behalf.  S.D. Fla. L.R. 88.2(a) (alteration added).  Because the Petition is not verified, it is subject to dismissal.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (recognizing courts are authorized to dismiss a habeas petition that appears legally insufficient on its face).

*Next Friend*.  Next, Petitioner's mother cannot sign the Petition on his behalf unless she satisfies the next-friend doctrine.  (*See* Pet. 3).[2]  "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf," which "strip[s] the district court of jurisdiction to consider the petition."  *Francis v. Warden, FCC Coleman–USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (alteration added; citing *Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 163 (1990)).  To qualify, she must show that Petitioner cannot litigate his own cause due to a disability and that she is truly dedicated to his interests.  *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (citing *Whitmore*, 495 U.S. at 163).  She alleges no facts satisfying these requirements.  (*See generally* Pet.).  She therefore lacks standing, and the Petition must be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Petitioner, Erick Johan Ponce Flores's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED** without prejudice.  All pending motions are **DENIED as moot**.  The Clerk is directed to **CLOSE** the case.  No certificate of appealability shall issue.

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      Petitioner, *pro se*

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.